Martin, Appellant, v. Poole.

264

Argued December 3, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent.)

*Harold B. Marcus,* with him *Martin J. Heiligman,* and *Sherr, Silverman, Warden, Moses & Marcus,* and *McAllister and Reif,* for appellant.

*Carl N. Martin, II,* with him *Richard L. Gerson,* and *Duane, Morris & Heckscher,* for appellee.

OPINION BY HOFFMAN, J., March 31, 1975:

The sole issue presented in this case is whether a default judgment suffered by appellant, Martin, in a negligence action brought by appellee, Poole, against appellant acted as a bar to a separate negligence action brought by appellant against appellee, arising out of the same accident, and pending at the time that appellee brought its action.

On June 29, 1972, appellant and appellee were involved in an automobile accident at the intersection of 46th and Spruce Streets in Philadelphia. On December 2, 1972, appellant served appellee with a complaint in trespass alleging that he suffered personal injuries as a result of appellee's negligence. This complaint began the case of *Martin v. Poole,* which is now before our Court.

In June, 1973, appellee commenced a separate trespass action against appellant, *Poole v. Martin,*[1] growing out of the same incident. The complaint was served on appellant, who delivered it to his personal attorney, who in turn forwarded it to appellant's insurance carrier. The insurance company failed either to enter an appearance or file a responsive pleading to appellee's complaint. As a result, on September 20, 1973, a default judgment was entered against appellant in the

---

[1] Court of Common Pleas, Trial Division, Law, for the County of Philadelphia, June Term, 1973, No. 3106.

second suit. The insurance carrier then brought a petition to open judgment on appellant's behalf. The petition was denied by Judge HIRSH on December 12, 1973; no appeal was taken, and the case of *Poole v. Martin* was settled, with the judgment marked "satisfied."

On March 11, 1974, appellee moved for summary judgment in the case of *Martin v. Poole,* on the theory that the default judgment in the case of *Poole v. Martin* was a bar to the current action on grounds of res judicata. On June 3, 1974, Judge BARBIERI granted the motion for summary judgment. This appeal followed.[2]

---

[2] Before discussing the merits of this case, it is necessary briefly to consider three procedural issues. First, it may be argued that appellee had waived the affirmative defense of res judicata by failing to plead it as new matter in an answer to appellant's complaint. Rules 1045(b), 1030, 1041, 1032, Pa. R. C. P. (Appellee filed an appearance, but no responsive pleading to appellant's complaint.) Nevertheless, as the defense of res judicata could not have been pleaded until long after a reply was due to appellant's complaint, it would seem that substantive justice would be better served by treating appellee's petition for summary judgment as an "amendment" of his original "pleading" with leave of court. Rules 1033, 1041, Pa. R. C. P. See *Weekes v. Atlantic National Ins. Co.*, 370 F. 2d 264 (9th Cir. 1966), dealing with an analogous problem under the Federal Rules of Civil Procedure.

Second, it may be argued that appellant has waived any objections to appellee's claim of res judicata by purporting to admit two conclusions of law in appellee's motion for summary judgment, which, taken together, would establish res judicata. Although a party is ordinarily bound by admissions of facts, it appears that as a general rule a "[d]efendant is not bound by an admission or averment of a legal conclusion in the answer." 71 C.J.S. Pleading §160 at 335. See *Enoch v. Food Fair Stores, Inc.*, 232 Pa. Superior Ct. 1, 331 A. 2d 912 (1974). In addition, an admission may in general be waived. 71 C.J.S. Pleading §161. Here, the parties and lower court have considered the issue of res judicata on the merits, despite a purported admission by appellant. Finally, it must be noted that appellant's answer to appellee's motion for summary judgment, taken as a whole, alleged facts which appellant

"Res judicata literally means a matter adjudged or a thing judicially acted upon or decided. From long usage it has come to encompass generally the effect of one judgment upon a subsequent trial or proceeding. Two quite distinct aspects are included: first, the effect of a judgment in a subsequent action between the parties based upon *the same cause of action;* second, the effect on the parties in a trial on *a different cause of action.*" *McCarthy v. Township of McCandless,* 7 Commonwealth Ct. 611, 615-616, 300 A. 2d 815, 819 (1973) (footnote omitted; emphasis in original). The first effect is known as merger and bar, "technical" res judicata, or simply "res judicata"; the second is known as collateral estoppel.

For res judicata to apply, there must be a concurrence of four conditions: (1) Identity in the thing sued upon or for; (2) Identity of the cause of action; (3) Identity of persons and parties to the action; and (4) Identity of the quality or capacity of the parties suing or sued. *Stevenson v. Silverman,* 417 Pa. 187, 190, 208 A. 2d 786, 787-788 (1965), *cert. denied,* 382 U.S. 833 (1965). In the present case, it appears that the two suits involved two separate causes of action, even though they arose out of the same transaction.

As a general rule, "[w]here a judgment is rendered in favor of the plaintiff . . . , *the plaintiff* is precluded

---

believed would prevent the application of the doctrine of res judicata; it cannot be reviewed as an admission of appellee's contentions.

Third, it may be argued that this Court is precluded from granting relief to appellant on any argument other than the one which he explicitly makes, i.e., that although ordinarily a party in his position would be bound by res judicata, he is not, because he was negligently represented by his insurance carrier in *Poole v. Martin.* Although this Court is limited to the issues raised by the appellant here and in the lower court, it is not limited to the appellant's arguments. The entire issue of res judicata was considered by the court below, and is properly before our Court.

from subsequently maintaining a second action based upon the same transaction." Restatement, Judgments, §61 (1942) (emphasis supplied), cited in *Bassis v. Rutenberg*, 177 Pa. Superior Ct. 339, 343, 110 A. 2d 897, 899 (1955). Accord, *Spinelli v. Maxwell*, 430 Pa. 478, 243 A. 2d 425 (1968); *Fields v. Philadelphia Rapid Transit Co.*, 273 Pa. 282, 117 A. 59 (1922).

Whether the defendant in the first action is precluded from maintaining a second action based on the same transaction will depend on whether the forum hearing the first action has a compulsory counterclaim rule such as Rule 13(a), Fed. R. Civ. P., which provides that "[a] pleading *shall* state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. . . ." (Emphasis supplied.) Thus in *London v. Philadelphia*, 412 Pa. 496, 194 A. 2d 901 (1963), the earlier action had been brought in a federal district court. Our Supreme Court, relying on Federal Rule 13(a), held that the appellee was precluded from asserting in a later action a counterclaim arising out of the same transaction or occurrence which he withheld in the first action.

In Pennsylvania, unlike the federal system, there is no compulsory counterclaim rule. Rule 1046, Pa. R. C. P., provides that "[a] defendant [in a trespass action] *may* plead a counterclaim which arises from the same transaction or occurrence . . . from which the plaintiff's cause of action arose." (Emphasis supplied.) The effect of this rule is that "[t]he defendant who has a cause of action which arises from the same transaction or occurrence as that from which the plaintiff's cause of action arose may, at his option, either plead his demand against the plaintiff by counterclaim or institute a separate action. Whichever he chooses, it should not affect either party's essential rights." Good-

rich-Amram, Pennsylvania Procedural Rules Service, §1046-1 at 299 (1957).[3]

It would appear that in Pennsylvania, where all trespass counterclaims are permissive rather than compulsory, the general rule should be applied that "[w]here the defendant does not interpose a counterclaim although he is entitled to do so, he is not precluded thereby from subsequently maintaining an action against the plaintiff on the cause of action which could have been set up as a counterclaim." Restatement, Judgments, §58. The instant case, moreover, is essentially identical to Illustration 1 to Comment b to §58: "A brings an action against B for the negligent driving of an automobile by B resulting in a collision with an automobile driven by A. B fails to plead and judgment by default is given against him. B is not precluded from subsequently maintaining an action against A on the ground that the harm which he suffered was the result of A's negligence."

Finally, even assuming arguendo that the two suits did involve the same cause of action, it was appellee, rather than appellant, who was guilty of splitting a cause of action by bringing a separate suit in the same Common Pleas court, rather than interposing a counterclaim in the original suit as allowed under Rule 1046.

As it appears that appellant's action was not barred by res judicata, it must be further determined whether the doctrine of collateral estoppel would preclude appellant from trying the issue of appellee's negligence.

---

[3] Note that even if Pennsylvania had adopted a compulsory counterclaim rule similar to Rule 13(a), Fed.R.Civ.P., appellant would not be precluded from pursuing the instant action, which was commenced before appellee's action, because the rule provides that "the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action. . . ."

The term "collateral estoppel" was adopted by the American Law Institute in Section 68, comment a, of the Restatement of Judgments (1942). Since the adoption of that Restatement, "[i]n the development and application of collateral estoppel, Pennsylvania courts have adhered to the general rule set forth in §68(1) of the Restatement of Judgments: 'Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action. . . .' " *McCarthy v. Township of McCandless,* supra, at 618-619, 300 A. 2d at 820. In collateral estoppel, as opposed to res judicata, "the effect of the judgment is more limited. The judgment is conclusive between the parties in such a case as to questions actually litigated and determined by the judgment. It is not conclusive as to questions which might have been but were not litigated in the original action." Restatement of Judgments, Comment a to §68. "Where an action is brought against the defendant and although he is duly served with process he fails to appear or answer, and judgment by default is rendered against him, the judgment is conclusive as to the cause of action upon which the action was based. But in a subsequent suit based upon a different cause of action *the judgment is not conclusive* as to the truth of the allegations in the plaintiff's complaint." Restatement of Judgment, Comment f to §68. (Emphasis supplied.) In the present case, the default judgment in *Poole v. Martin* was entered because of appellant's failure either to plead or to enter an appearance. No issues were actually litigated within the scope of the collateral estoppel doctrine, as embodied in §68 of the Restatement. Therefore, although the default judgment entered in *Poole v. Martin* would bar any further proceedings on the identical cause of action, the default judgment should not operate as a

collateral estoppel in this separate cause of action.[4]

As appellant's action against appellee is not barred by res judicata, nor is trial of the issue of appellee's negligence precluded by collateral estoppel, the lower court erred in entering summary judgment against appellant.

The order of the lower court is reversed, and the case remanded for a determination of appellant's cause of action on its merits.

WATKINS, P. J., dissents.

---

[4] A recent law review article, *Comment: Collateral Estoppel in Pennsylvania*, 10 Duquesne L. Rev. 650, 657 (1972), claims that Pennsylvania courts have "realistically ignored the doctrine of collateral estoppel" by relying on old cases such as *Stradley v. Bath Portland Cement Co.*, 228 Pa. 108, 77 A. 242 (1910), which apparently confused the doctrine of collateral estoppel with res judicata, and therefore treat default judgment as if they were judgments rendered subsequent to a full trial of the issues raised in the complaint. Nevertheless, many cases have cited the collateral estoppel doctrine of §68 of the Restatement as the law of this Commonwealth. *Schubach v. Silver*, 461 Pa. , 336 A. 2d 328 (1975); see also, *Moskowitz v. Prudential Ins. Co. of America*, 355 Pa. 30, 47 A. 2d 648 (1946); *Thal v. Krawitz*, 365 Pa. 110, 73 A. 2d 376 (1950); *Larsen v. Larsen*, 392 Pa. 609, 141 A. 2d 353 (1958); *Pilgrim Food Products Co. v. Filler Products, Inc.*, 393 Pa. 418, 143 A. 2d 47 (1958). Two recent cases have indicated that Pennsylvania courts now apply a more critical approach to collateral estoppel issues, based on §68. *Thompson v. Karastan Rug Mills*, 228 Pa. Superior Ct. 260, 323 A. 2d 341 (1974); *McCarthy v. Township of McCandless*, supra. It would appear that more modern Pennsylvania precedent mandates a reliance on the rules and principles of collateral estoppel as embodied in the Restatement.