646 A.2d 1192

**HOPEWELL ESTATES, INC., Appellant,**

v.

**Andrew KENT, C.L. Frantz and Associates
and Curtis L. Frantz, Appellees.**

Superior Court of Pennsylvania.

Argued March 30, 1994.

Filed Aug. 22, 1994.

472

Mark C. Clemm, Plymouth Meeting, for appellant. (Submitted).

Gene M. Venzke, Reading, for Andrew Kent, appellee.

Byron M. Yatron, Reading, for C.L. Frantz & Associates and Curtis L. Frantz, appellees.

Before CAVANAUGH, WIEAND and OLSZEWSKI, JJ.

WIEAND, Judge:

The issue in this appeal is whether an action for professional negligence against a surveyor and an engineer is barred by a prior judicial denial of a motion to open a judgment confessed on a note given in payment of their professional fees. The trial court held that the action for negligence was barred and entered summary judgment in favor of the surveyor and the engineer. The claimant appealed. We reverse and remand for further proceedings.

In August, 1989, Hopewell Estates purchased a tract of land in Union Township, Berks County, intending to place thereon a housing development. Hopewell employed Andrew Kent, a surveyor, to do engineering work and to prepare plans for the development in compliance with requirements of the Union Township Planning Commission. Kent enlisted the services of C.L. Frantz and Associates, an engineering firm, to assist him with the engineering work. For the next nine months, it is alleged, the surveyor and the engineer submitted plans to the planning commission. These plans, Hopewell complains, were deficient and deadlines were missed, with the result that the plans were rejected. Finally, in May, 1989, the planning commission granted provisional approval for the project on condition that the deficiencies be promptly corrected.

After the project had been provisionally approved, Kent and Frantz submitted a bill for services in the amount of $19,-

309.33, and Hopewell executed and delivered a judgment note in that amount. When Kent and Frantz caused judgment to be entered on the note, however, Hopewell filed a petition to open the judgment.

On January 12, 1990, while the petition to open the judgment was pending and remained undecided, Hopewell filed a civil complaint against Kent and Frantz in which it claimed damages for professional negligence. The petition to open judgment was not decided until May 11, 1993, when it was denied. On June 18, 1993, Kent and Frantz filed separate motions for summary judgment, contending that Hopewell's action was now barred by principles of res judicata and collateral estoppel. The trial court held that the order denying the petition to open had resolved all issues pertaining to the fees which the surveyor and the engineer were entitled to recover and that issues not asserted in those proceedings could not be raised in a separate action. Because the issue of professional negligence could have been raised in the prior proceedings, the court held, the present action was barred.

 A motion for summary judgment may properly be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035. See also: *Grossman v. Rosen*, 424 Pa.Super. 463, 465–466, 623 A.2d 1, 2 (1993); *Kaller's Inc. v. John J. Spencer Roofing, Inc.*, 388 Pa.Super. 361, 364, 565 A.2d 794, 795–796 (1989). However, "the record must be examined in the light most favorable to the non-moving party. . . ." *Kaller's Inc. v. John J. Spencer Roofing, Inc., supra* at 364, 565 A.2d at 796. Moreover, summary judgment should be granted only where the right is clear and free of doubt. *Marks v. Tasman, M.D.*, 527 Pa. 132, 134–135, 589 A.2d 205, 206 (1991). Nevertheless, it is proper to enter summary judgment where an action is barred by res judicata or collateral estoppel. *Grant v. GAF Corp.*, 415 Pa.Super. 137, 149, 608 A.2d 1047, 1053–1054 (1992), *aff'd*, 536 Pa. 429, 639 A.2d 1170 (1994).

■ Res judicata and collateral estoppel are affirmative defenses which must be pleaded in an answer as new matter. Pa.R.C.P. 1030. A defense not so raised is waived. Pa.R.C.P. 1032. In this case, the defendants did not assert a res judicata defense in their initial answer but did allege the defense of collateral estoppel therein. Moreover, the petition to open the confessed judgment had not been decided when the answers were filed in this case; and, after the petition to open was decided, these defenses were called to the trial court's attention by motions for summary judgment. Under these circumstances, we are unwilling to hold that there was a waiver. See: *Martin v. Poole*, 232 Pa.Super. 263, 267 n. 2, 336 A.2d 363, 365 n. 2 (1975). See also: *Meridian Oil & Gas Enterprises, Inc. v. Penn Central Corp.*, 418 Pa.Super. 231, 238–239, 614 A.2d 246, 250 (1992), *allocatur denied*, 534 Pa. 649, 627 A.2d 180 (1993).

■ Res judicata, which is also known as claim preclusion, holds that a final judgment on the merits by a court of competent jurisdiction will bar any future action on the same cause of action between the parties and their privies. *McArdle v. Tronetti*, 426 Pa.Super. 607, 611, 627 A.2d 1219, 1222 (1993). The doctrine has application where the following are present: (1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of persons or parties to the actions; and (4) identity of the quality or capacity of the parties suing or sued. See: *McArdle v. Tronetti, supra* at 612, 627 A.2d at 1222; *Martin v. Poole, supra*, 232 Pa.Super. at 268, 336 A.2d at 366. "[A]ll matters which might have been raised and decided in the former suit, as well as those which were actually raised therein, are res adjudicata in a subsequent proceeding between the same parties and their privies." *Nevling v. Commercial Credit Co.*, 156 Pa.Super. 31, 35–36, 39 A.2d 266, 267 (1944). See also: *McArdle v. Tronetti, supra*, 426 Pa.Super. at 611, 627 A.2d at 1222. Proceedings on a petition to open a judgment may be sufficient to bar a subsequent suit only where each of the elements constituting res judicata have been met. *Nevling v. Commercial Credit Co., supra*, 156 Pa.Super. at 35, 39 A.2d at 267. See also:

*Romah v. Romah,* 411 Pa.Super. 12, 15, 600 A.2d 978, 981 (1991).

 In determining whether res judicata should apply, a court may consider whether the factual allegations of both actions are the same, whether the same evidence is necessary to prove each action and whether both actions seek compensation for the same damages. *Mintz v. Carlton House Partners, Ltd.,* 407 Pa.Super. 464, 475, 595 A.2d 1240, 1246 (1991). "The thing which the court [should] consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights." *Stevenson v. Silverman,* 417 Pa. 187, 192, 208 A.2d 786, 788 (1965), *cert. denied,* 382 U.S. 833, 86 S.Ct. 76, 15 L.Ed.2d 76 (1965) (emphasis omitted), quoting *Hochman v. Mortgage Fin. Corp.,* 289 Pa. 260, 263, 137 A. 252, 253 (1927). Although based upon facts in common with an earlier action, res judicata will not bar a subsequent action where the damages for which relief was sought in the earlier action were entirely different. *Pontiere v. James Dinert, Inc.,* 426 Pa.Super. 576, 588, 627 A.2d 1204, 1210 (1993); *Melat v. Melat,* 411 Pa.Super. 647, 653, 602 A.2d 380, 383 (1992). Indeed, two suits which have arisen out of the same set of factual circumstances may involve entirely separate causes of action. *McArdle v. Tronetti, supra,* 426 Pa.Super. at 612–613, 627 A.2d at 1222; *Martin v. Poole, supra,* 232 Pa.Super. at 268, 336 A.2d at 366.

 An unliquidated counterclaim or set-off cannot be asserted as a ground for opening a confessed judgment. *Nadolny v. Scoratow,* 412 Pa. 488, 492 n. 4, 195 A.2d 87, 89 n. 4 (1963); *Harrison v. Stoeckert,* 369 Pa. 143, 146, 85 A.2d 154, 155 (1952); *J.M. Korn & Son, Inc. v. Fleet–Air Corp.,* 300 Pa.Super. 458, 462, 446 A.2d 945, 947 (1982); *Hellam Township v. DiCicco,* 287 Pa.Super. 227, 233, 429 A.2d 1183, 1186 (1981). Thus, Hopewell's unliquidated claim for professional negligence could not properly have been asserted as a basis for opening the judgment against Hopewell for services rendered. Because Hopewell's claim for professional negligence

was not a claim which could properly have been raised in its petition to open the confessed judgment, appellant's failure to do so does not permit an invocation of the doctrine of res judicata.

For similar reasons, the present action is not barred by principles of collateral estoppel. This principle, which is sometimes referred to as issue preclusion, prevents an issue of law or fact from being relitigated after it has been once litigated and finally adjudicated in a court of competent jurisdiction. *Grossman v. Rosen, supra,* 424 Pa.Super. at 466, 623 A.2d at 2; *Grant v. GAF Corp., supra,* 415 Pa.Super. at 153–154, 608 A.2d at 1056. The doctrine applies when (1) an issue is identical to one which was presented in a prior case; (2) there has been a final judgment on the merits of the issue in the prior case; (3) the party against whom collateral estoppel is asserted was a party in, or in privity with a party in, the prior action; (4) the party against whom the doctrine is asserted, or one in privity with the party, had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment. *McArdle v. Tronetti, supra,* 426 Pa.Super. at 614, 627 A.2d at 1223. Collateral estoppel applies only to issues which have been actually litigated in a prior action. *Stidham v. Millvale Sportsmen's Club,* 421 Pa.Super. 548, 566, 618 A.2d 945, 954 (1992); *Kaller's Inc. v. John J. Spencer Roofing, Inc., supra,* 388 Pa.Super. at 365, 565 A.2d at 796; *Thompson v. Karastan Rug Mills,* 228 Pa.Super. 260, 264, 323 A.2d 341, 343 (1974).

Appellant's claim for professional malpractice was not litigated as a part of the proceedings to open the judgment confessed against appellant for professional fees owed pursuant to contract. Not only was the issue not litigated but, as we have already observed, appellant could not properly have litigated such a claim in the prior proceedings. Thus, collateral estoppel does not bar appellant from pursuing an action in negligence at this time.

Although the denial of appellant's petition to open judgment resolved all issues relating to the effect and propriety of the demand note signed by appellant, as well as any amount owed to appellees for services rendered, it did not address or settle any claims which appellant had against appellees for professional negligence. Therefore, the trial court erred when it held that the present action was barred.

Reversed and remanded for further proceedings. Jurisdiction is not retained.