

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-1996

# Urrutia v. Harrisburg Pol Dept

Precedential or Non-Precedential:

Docket 95-3427

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Urrutia v. Harrisburg Pol Dept" (1996). *1996 Decisions*. Paper 126.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/126

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


95-3427


DONALD URRUTIA

v.

HARRISBURG COUNTY POLICE DEPT.;
SEAN MCCORMACK, Asst. D.A.; DENIS THOMASON

Donald Urrutia,

Appellant.


On Appeal from the United States District Court
For the Western District of Pennsylvania
D.C. Civ. No. 95-cv-00068


Submitted Under 3rd Cir. LAR 34.1(a)
March 1, 1996

Before:  BECKER, MCKEE, and WEIS, Circuit Judges.

(Opinion Filed July 29, 1996)


Donald Urrutia
Somerset SCI
1590 Walters Mill Road
Somerset, PA  15510

Appellant Pro Se


OPINION OF THE COURT


BECKER, Circuit Judge.

      This is an appeal by plaintiff, Donald Urrutia, from an order of the district court dismissing his civil rights complaint, 42 U.S.C.  1983, as legally frivolous pursuant to 28 U.S.C.  1915(d), and denying him the opportunity to amend his complaint to correct the defects.  The  1915(d) determination

can be prolonged because the matter often goes first to a magistrate judge, who reviews the pleadings and makes a recommendation to the district judge. The principal question presented by the appeal is whether the 120 day period of Fed. R. Civ. P. 15(c)(3) for satisfying the requirements for relation back of an amendment that changes or adds a party is suspended while the district court considers the 1915(d) question so that the amendment will not be barred by a statute of limitations that expires after the complaint is filed.

The version of section 1915(a) of Title 28 in effect during the time when Urrutia's complaint was under consideration in the district court provided for the filing of a complaint without prepayment of fees by a person who was unable to afford the fees. Section 1915(d), however, permits the district court to consider whether an in forma pauperis complaint is frivolous or malicious before authorizing issuance of the summons and service of the complaint. Some frivolous complaints can be remedied by an amendment pursuant to Fed. R. Civ. P. 15. Where that is so, a district court may not dismiss the complaint as frivolous and must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992). An amendment to a complaint must satisfy the statute of limitations, however. If the limitations period has expired, in order to survive, the amendment must relate back to the original complaint under Rule 15(c).

Urrutia alleged in his original complaint that the police, after handcuffing him, stood by and watched while another individual stabbed him. The original filing, which occurred after the magistrate judge ruled that Urrutia could not afford to pay the filing fees under 1915(a), was within the statute of limitations. The complaint was, however, defective. This is because, even though it alleged misdeeds by individual police officers, instead of naming the individual police officers as defendants Urrutia named the Harrisburg police department itself, and respondeat superior cannot form the basis of liability under 42 U.S.C. 1983. Rizzo v. Goode, 423 U.S. 362 (1976). Urrutia's problem was compounded by the fact that the statute of limitations expired two months after the complaint was filed and about seven weeks before the district court made the 1915(d) determination.

An amendment to the complaint in which specific police officers would be named as additional defendants, or substituted as defendants, was proposed by Urrutia and would have cured the defect, if it related back under Rule 15(c). Among the several conditions in Rule 15(c) that must be satisfied for an amendment to relate back is that the individuals to be added as defendants must receive such notice of the institution of the action within 120 days of the filing of the complaint that they will not be prejudiced in maintaining a defense on the merits. Here, however, between the magistrate judge and the district judge, the frivolousness determination consumed nearly all of the 120 day period established by Rule 15(c) for an amendment to relate back.

An in forma pauperis plaintiff has no control over the amount of time the district court takes to make the 1915(d) ruling. Where that time period is lengthy, as it was here, it

renders the relation back doctrine essentially unavailable to an in forma pauperis plaintiff, because, by the time the determination is made, even if it is that an amendment will be permitted, the 120 day period will have expired or be close to expiration.  Therefore, we hold that, once a plaintiff submits an in forma pauperis complaint within the time provided by the statute of limitations, and after the  1915(a) in forma pauperisdetermination is made, the 120 day period of Rule 15(c)(3) for satisfying the requirements for relation back of an amendment that changes or adds a party is suspended while the district court considers the  1915(d) question.  If an amendment will cure defects in the complaint, it must be permitted, and upon the filing of an appropriate amendment, the district judge must order issuance of the summons and service of the complaint.  SeeDenton, 504 U.S. at 34; see also Roman v. Jeffes, 904 F.2d 192, 195 n.4 (3d Cir. 1990).  Upon the entry of that order directing service of the amended complaint, the suspension ends and the 120 day period of Rule 15(c)(3) for service begins to run.

We address today the version of 28 U.S.C.  1915 in effect during the time when Urrutia's complaint was under consideration in the district court.  On April 26, 1996, and while this appeal was pending, the President signed into law the omnibus fiscal year 1996 appropriations measure, which contained amendments to  1915.  Among other things, section 1915 has been amended to require courts to assess an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits to the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period whenever the prisoner's funds are insufficient to pay the full filing fee.  In addition, courts are now required to determine whether a prisoner has, on three or more occasions, while incarcerated, brought an action or appeal in a federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  If so, the prisoner's new action must be dismissed unless he or she is in imminent danger of serious physical injury.

A new provision, 28 U.S.C. 1915A, provides that courts shall review, before docketing if feasible, a prisoner's complaint against a governmental entity or officer or employee of a governmental entity to determine whether it may be dismissed as frivolous or malicious, or because it fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  These amendments place additional burdens on the courts and are bound to prolong the 1915 determination.  Our holding today thus retains vitality.

Because we believe that the district court erred in resolving the  1915(d) question, specifically by refusing Urrutia's request to amend his complaint, and because we believe that Urrutia's proposed amendment will relate back so long as the individual police officers will not be prejudiced in maintaining a defense on the merits, we will vacate the order of dismissal, and remand for further proceedings.

I.

Urrutia's in forma pauperis complaint, consisting of an

original complaint and an affidavit of poverty, alleged that his due process rights were violated when, on June 9, 1993, Denise Thompson stabbed him in the hand while he was handcuffed and in the custody of the police. The complaint named as defendants Thompson, the Harrisburg Police Department, and the Assistant District Attorney of Dauphin County, Sean McCormack. The complaint alleged that the district attorney had been vindictive in deciding to prosecute Urrutia and in dropping all charges against Ms. Thompson. Neither monetary damages nor specific injunctive relief were requested. Instead, complaining that he must serve seven months because of the district attorney's alleged vindictiveness, Urrutia merely asked that "justice be served." Complaint, at Part VI.

On April 5, 1995, the magistrate judge, to whom the informa pauperis complaint had been referred pursuant to local rule, signed a form order on the affidavit of poverty granting Urrutia leave to proceed without prepayment of fees. The complaint was filed on the same day. The magistrate judge did not order the complaint to be served and service did not take place at this time. Three months later, in July 1995, the magistrate judge filed a Report and Recommendation in which he recommended that the complaint be dismissed as legally frivolous.

In recommending dismissal of the complaint prior to service, the magistrate judge reasoned that the district attorney's decision to drop the charges against Thompson and to prosecute Urrutia was immunized from liability pursuant to Imbler v. Pachtman, 424 U.S. 409 (1976). Since Thompson was acting as a private citizen, no federal constitutional rights were implicated by her conduct, and the magistrate judge concluded that no liability could be imposed on any member of the police department because there had been no allegation of their indifference to Urrutia's safety in the complaint. Finally, he concluded that the claim against the police department could not stand because a municipality can only be liable under 42 U.S.C. 1983 if a plan, policy or custom that it initiated violated a plaintiff's constitutional rights, see Monell v. Department of Social Servs., 436 U.S. 658, 690 (1978), and that no such circumstance was alleged.

Urrutia filed no objections to the report, but did move for an extension of time in which to amend his complaint. In his motion, he explained that he wished to amend his complaint "to plead his case with more `specificity,'" Motion For Extension of Time, at 2, and to add as defendants the police officers who had arrested him. The district court denied the motion, adopted the Report and Recommendation as the opinion of the court, and dismissed the complaint. Urrutia then filed a timely notice of appeal and a motion to proceed in forma pauperis on appeal. The motion to proceed in forma pauperis was granted by the district court.

In his brief filed on appeal, Urrutia provides more detail about the stabbing. On the day in question, Urrutia was arrested by approximately five Harrisburg police officers based on a complaint made by Ms. Thompson. He contends that his hands were placed in handcuffs behind his back, that Ms. Thompson had a

knife in her hand, which the police ignored, and that they did not try to stop her from attacking him. In his submission:

> After she (Ms. Thompson) stabbed me once, I told the five (5) police that she had just stabbed me and they did nothing. She then stabbed me two (2) more times and they did nothing. Only after she tried to stab me a fourth time did they intervene. At the time of the attack I was handcuffed and in the custody of the police. If the police had placed me in the police vehicle after they handcuffed me rather than leaving me to be exposed while in a defenseless position, the stabbing could have been avoided.

Appellant's Informal Brief, at 2. Urrutia suffered scars and lacerations as a result of the stabbing.

## II.

We believe that the allegations of Urrutia's complaint, construed liberally in light of Haines v. Kerner, 404 U.S. 519, 520-21 (1972), state a claim of violation of the Fifth and Fourteenth Amendments provided that the individual police officers can be added or substituted as defendants. Using a familiar referent, he is certainly entitled to the level of protection provided by the Eighth Amendment, and deliberate indifference on the part of prison officials to violent attacks by other inmates is prohibited by the Eighth Amendment. Farmer v. Brennan, 114 S. Ct. 1970, 1976-77 (1994); Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985). Deliberate indifference means that an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 114 S. Ct. at 1981. We believe that these principles apply to attacks on persons in custody, whether or not by another inmate, and that the circumstances described above state a nonfrivolous claim of deliberate indifference, at a minimum.

However, Urrutia will have a viable claim only if he identifies the police officers present following his arrest who failed to take preventive action, because respondeat superior cannot form the basis of liability under 42 U.S.C. 1983. See Rizzo, 423 U.S. at 362. In Denton, 504 U.S. at 34, the Supreme Court explained that "if it appears that frivolous factual allegations could be remedied through more specific pleading, a court of appeals reviewing a 1915(d) disposition should consider whether the District Court abused its discretion by dismissing the complaint with prejudice or without leave to amend." We have held that dismissal under 1915(d) is appropriate only when the complaint is truly frivolous and no amendment would cure the defect. Roman, 904 F.2d at 195 n.4. In view of the allegations discussed above, and subject to the discussion, infra, we are constrained to hold that the district court abused its discretion in denying Urrutia leave to amend his complaint to add or substitute the individual police officers as defendants and to supplement the factual basis of his claim.

## III.

### A.

We underscore that Urrutia's complaint was submitted to the court within the two-year limitations period applicable to this action. However the limitations period expired approximately two months after the complaint was filed, i.e. after the 1915(a) determination was made. Thus, an amendment to the complaint on remand, in which specific police officers are named as additional defendants, will be barred by the statute of limitations unless the amendment relates back to the original complaint under Fed. R. Civ. P. 15(c). See Nelson v. County of Allegheny, 60 F.3d 1010, 1015 (3d Cir. 1995) (relation back rule ameliorates effect of statute of limitations), cert. denied, 116 S. Ct. 1266 (1996).

Rule 15(c) permits amendments of a pleading to relate back to the date of the original pleading when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party . . . .

Fed. R. Civ. P. 15(c).

Subparagraph (1) will not help Urrutia because Pennsylvania courts do not take a more lenient approach to the relation back doctrine than do federal courts. See Nelson, 60 F.3d at 1014 n.4 (citing Aivazoglou v. Drever Furnaces, 418 Pa. Super. 111, 613 A.2d 595, 599 (1992)). Subparagraph (3) may however permit Urrutia to identify the specific police officers who failed to protect him from being stabbed, and either add them as additional defendants or substitute them in place of the Harrisburg police department. Id. at 1014; Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1183 & n.14 (3d Cir. 1994). For Urrutia's claim against specific police officers to relate back to the original complaint, all three conditions in Rule 15(c)(3) must be satisfied.

The first condition, that the claim against specific police officers must have arisen out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the

original pleading, is plainly met.  It is similarly clear that the third condition is satisfied because Urrutia made a "mistake" in identifying the proper parties for this  1983 action. Whether or not he intended to sue the Harrisburg police department in addition, he certainly intended to sue the individual police officers who were present at the time of the stabbing.  The initial decision to name the Harrisburg police department only and not the individual police officers was not a matter of litigation strategy, as is apparent from Urrutia's motion for an extension of time in which to file an amended complaint.  See Lundy, 34 F.3d at 1183.  Moreover, because, as an objective matter, it is a legal blunder to pursue a municipal defendant for the misdeeds of individual state actors, it is arguable that the proposed additional defendant police officers knew or should have known that but for the legal mistake of this pro se plaintiff, they would have been direct targets of the complaint from the outset.  Urrutia will have to demonstrate that he meets this requirement on remand.

                              B.
     The second and remaining condition has two requirements, notice and the absence of prejudice, each of which must be satisfied.  This condition presents the greatest problem for Urrutia, because it is subject to a time restriction over which he has no control.  The individual police officers to be named in the amendment must receive such notice of the institution of this action within 120 days of the filing of the complaint that they will not be prejudiced in maintaining a defense on the merits.

     Prior to the 1991 amendment to Rule 15(c), a plaintiff could not relate back the amendment of a defendant's name on the complaint unless the new defendant had notice of the suit prior to the expiration of the statute of limitations.  Schiavone v. Fortune, 477 U.S. 21, 30-31 (1986).  The 1991 amendment to Rule 15(c) changed the result in Schiavone and provided that an amendment would relate back as long as the intended defendant received notice of the action within the period allowed for service of the summons and complaint as set forth in Fed. R. Civ. P. 4(m), or 120 days, whether or not the statute of limitations had expired in the interim.  Rule 15(c) does not require that a plaintiff actually amend his complaint within the Rule 4(m) period; it speaks only of notice, lack of prejudice, and reason to know of a mistake within that time.

     In Urrutia's case, an amended complaint naming the individual police officers has yet to be filed and the 120 day period from the date of the filing of the original complaint has long since expired.  We assume that the individual police officers have not received notice of this action, because they have not been served with a complaint.  Moreover, the district court did not authorize service of the complaint on the Harrisburg police department.  Thus, the individual officers would not have been able to learn about the action through department channels.

     This is not Urrutia's fault.  He submitted his in formapauperis complaint a full two months before the statute of

limitations was due to expire.  The complaint was duly filed after the determination was made that Urrutia was indigent, see 28 U.S.C. 1915(a), but three months passed before the Report and Recommendation addressing the  1915(d) concerns was filed. The statute of limitations expired during this time.  After receipt of the report, the district judge denied Urrutia's motion for an extension of time to amend and dismissed the complaint. Shortly thereafter, the 120 day period expired as well.

Because in cases where an amendment will be necessary, the delay in making a  1915(d) determination easily could consume the 120 day period, we hold that, once a plaintiff submits an in forma pauperis complaint within the limitations period, and where an amendment will be necessary to cure a defect, the 120 day period of Rule 15(c)(3) is suspended until the district judge authorizes issuance of the summons and service of the amended complaint.  To hold otherwise would eviscerate the effect of the 1991 amendment to Rule 15(c) and mean that similar in forma pauperis actions would be treated differently on the basis of how quickly the magistrate judge and/or district judge acted on them.

This is a matter of first impression in this Circuit, but other courts have suspended the running of the statute of limitations during the pendency of an in forma pauperis motion. The principles guiding those decisions apply equally here, because "[r]elation back is intimately connected with the policy of the statute of limitations."  Fed. R. Civ. P. 15(c) advisory committee's note.  In Martin v. Demma, 831 F.2d 69 (5th Cir. 1987) (per curiam), for example, a prisoner and his wife sought to file a  1983 action against two police officers.  The complaint was received in the district court within the applicable limitations period.  However, it was not actually filed until after the limitations period expired, because of a two-week delay by the magistrate judge in granting an in forma pauperis motion.  The court held that the date the complaint was received in the district court, rather than the date it was filed, would determine whether it was barred by the statute of limitations.  The court reasoned that some administrative delay was inevitable whenever an in forma pauperis motion accompanied a complaint, but could not fairly be attributed to the in forma pauperis plaintiff.  Id. at 71.  See also Jones v. Waters, 563 F. Supp. 817, 818 (E.D. Pa. 1983) (tolling two-year limitations period governed by 42 Pa. Cons. Stat. Ann.  5524 in  1983 action during pendency of in forma pauperis motion).

C.

The tolling of the limitations period during the pendency of an in forma pauperis motion is particularly common in Title VII cases.  In Ynclan v. Department of Air Force, 943 F.2d 1388, 1391 (5th Cir. 1991), for example, the complaint was submitted prior to the expiration of the limitations period but was not actually filed until after the limitations period had expired.  The court held that the limitations period was tolled during the pendency of the plaintiff's in forma pauperis and counsel motions.  Another case supporting this view is Paulk v.

Department of Air Force, 830 F.2d 79 (7th Cir. 1987), where a prose plaintiff submitted a complaint naming the Department of the Air Force as the defendant and an in forma pauperis motion within the limitations period. Id. at 80 n.1. After the limitations period expired, the in forma pauperis motion was granted and the complaint was served on the U.S. Attorney. After a motion to dismiss was filed, the plaintiff attempted to amend her complaint to name the correct party. However, the district court rejected the amendment and dismissed the suit because the plaintiff had named the wrong federal government defendant and failed to give actual notice of the suit to the correct party within the limitations period. The Court of Appeals for the Seventh Circuit reversed.

The court noted that, pursuant to Rule 15(c), service on the U.S. Attorney within the limitations period satisfied the rule's requirements for relation back of an amendment to change a party after the limitations period had expired. Id. at 81. Although the U.S. Attorney had not been served within the limitations period, the court held that the district court should have granted the plaintiff's request to amend her complaint. The court's explanation in Paulk is especially apposite here:

Because plaintiff petitioned for leave to proceed informa pauperis, see 28 U.S.C. 1915, the United States Attorney was not actually served with the pro secomplaint for more than a month after the complaint was

filed and the statute of limitations had run. This delay is fully expectable due to this Circuit's rule that the district judge may consider whether the complaint is frivolous or malicious before granting leave to proceed in forma pauperis under 1915(a) and authorizing issuance of the summons and complaint (citations omitted). The delay in deciding to grant this motion could easily consume the thirty-day limitations period and make impracticable the filing of in forma pauperis petitions in such suits. Tolling the limitations period during the pendency of such a motion . . . allows 28 U.S.C. 1915 and Rule 15(c) to operate harmoniously, instead of denying the benefits of . . . Rule 15(c) to the very plaintiffs who are most likely to need it.

Id. at 82-83. See also Warren v. Department of Army, 867 F.2d 1156, 1161 (8th Cir. 1989) (same).

D.

In sum, we hold that the 120 day period of Rule 15(c)(3) for satisfying the requirements for relation back of an amendment that changes or adds a party is suspended once a plaintiff submits the original in forma pauperis complaint within the time provided by the statute of limitations, and the 1915(a) in forma pauperis determination is made. The 120 day period remains suspended while the district judge considers the 1915(d) frivolousness question. If an amendment is necessary to cure defects in the complaint and an appropriate one is proffered, it must be permitted, see Roman, 904 F.2d at 195 n.4,

and upon the filing of an appropriate amendment, the district judge must order issuance of the summons and service of the amended complaint. Upon the entry of that order directing service of the amended complaint, the suspension ends and the 120 day period of Rule 15(c)(3) begins to run. Cf. n.14, supra. We agree with the Seventh Circuit in Paulk, supra, that there is a need for 28 U.S.C. 1915 and Rule 15(c) to operate harmoniously to avoid denying the benefits of Rule 15(c) to the very plaintiffs who are most likely to need it. See supra at 20-21.

Under this holding, the order of the district court dismissing this action under 28 U.S.C. 1915(d) must be vacated and the case remanded for further proceedings. On remand, Urrutia should be granted leave to file his amended complaint. If he does so and properly names the individual police officers, the district court should direct service of the amended complaint. If service of the amended complaint is made within the 120 day period provided for in Rule 4(m), such period to commence upon entry of the order directing that the amended complaint be served, Urrutia will have satisfied the requirement of notice, because actual service of the complaint clearly satisfies the notice requirement.

The additional defendants may, of course, move for dismissal of the amended complaint as barred by the statute of limitations if Urrutia does not show that they should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against them, or if they can show that they will be prejudiced in maintaining a defense. The prejudice must be actual, not hypothetical. See, e.g., Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (demonstrating prejudice requires party seeking dismissal of amended complaint to show that it was unfairly denied opportunity to present facts or evidence which it would have presented had the amendments been timely). We will leave the determination of these questions to the district court in the first instance.

IV.

The magistrate judge suggested other possible bases for dismissal of the complaint, namely, claim preclusion and improper venue. In answer to a question in the form civil rights complaint asking for a description of any lawsuits dealing with the same facts involved in the present action, Urrutia identified a prior suit against the Harrisburg Police Department, Denise Thompson, and Sean McCormack. The suit was filed in the "Dauphin County Courts," Complaint, at Part V.F.1., and was dismissed.

Urrutia may be precluded from bringing his civil rights claim in federal court. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984); Allen v. McCurry, 449 U.S. 90, 96-97 (1980) (res judicata applies to 1983 cases). "When a prior case has been adjudicated in a state court, federal courts are required by 28 U.S.C. 1738 to give full faith and credit to the state judgment and, in section 1983 cases, apply the same preclusion rules as would the courts of that state." Edmundson v. Borough of Kennett Square, 4 F.3d 186, 189 (3d Cir. 1993) (citations omitted). Hence, in this case, Pennsylvania law determines if Urrutia's 1983 claim should be barred.

Under Pennsylvania law, a final judgment on the merits by a court of competent jurisdiction will bar any identical future action between the parties and their privies. See, e.g., Hopewell Estates, Inc. v. Kent, 435 Pa. Super. 471, 476, 646 A.2d 1192, 1194 (1994). All matters which might have been raised in the former suit as well as those that actually were raised are res judicata in a subsequent proceeding. Id. "In determining whether res judicata should apply, a court may consider whether the factual allegations of both actions are the same, whether the same evidence is necessary to prove each action and whether both actions seek compensation for the same damages." Hopewell Estates, 435 Pa. Super. at 477, 646 A.2d at 1194-95 (citing Mintz v. Carlton House Partners, 407 Pa. Super. 464, 475, 595 A.2d 1240, 1246 (1991)).

Even though Urrutia made a vague representation that his present federal case arises from the same facts as in his state court case (see supra p. 23), we are unable to determine if the federal civil rights claim should have been raised in the prior suit, or, was raised and fully litigated before and, therefore, cannot now be relitigated. Neither could the district court make this determination on the facts before it.

In the usual case, if a 1915(d) dismissal based on the doctrine of res judicata is contemplated, the district court should have on hand the complaint and dismissal order from the prior suit. See Logan v. Moyer, 898 F.2d 356, 357 (3d Cir. 1990). Only then can the district court have the requisite certainty that the relevant facts and issues support a determination of claim preclusion. In this case, in view of the anticipated addition of individual police officers as defendants, we think the better practice would be for the district court to leave the defense of res judicata, see Fed. R. Civ. P. 8(c), to the defendants to plead and develop as a basis for dismissal of the amended complaint.

Similarly, because there is no way of knowing at this time where any of the proposed additional defendant police officers reside, the defendants also should be the ones to raise a challenge of improper venue, if such a challenge is appropriate. At the time of filing of the complaint, Urrutia was incarcerated at the State Correctional Institution in Somerset, Pennsylvania. He filed this action in the judicial district in which Somerset is located, the Western District of Pennsylvania. The June 1993 arrest by Harrisburg police officers took place in Harrisburg, Pennsylvania, located in the Middle District of Pennsylvania.

Section 1983 contains no special venue provision. SeeSinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). Therefore, the general venue provisions of 28 U.S.C. 1391 apply. Pursuant to 1391(b):

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a

> substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

A defense of improper venue may be waived. Fed. R. Civ. P. 12(h)(1).

Because the arrest took place in Harrisburg, venue would be appropriate in the Middle District. If venue is not also appropriate in the Western District, because subparagraph (1) cannot be satisfied, the defendants should seek recourse pursuant to a Fed. R. Civ. P. 12(b)(3) motion prior to answering the amended complaint. If it appears from the motion that venue is not proper in the Western District, the district court should transfer the action to the Middle District pursuant to 28 U.S.C. 1406(a). See also Cottman Transmissions Sys., Inc. v. Martino, 36 F.3d 291, 296 (3d Cir. 1994).

## V.

The magistrate judge also concluded that defendant McCormack was immune from suit because the decision to prosecute is a protected function. However, the absolute immunity for prosecutorial functions only applies in a suit for money damages. Imbler, 424 U.S. at 431. Urrutia did not request money damages in the complaint. On the other hand, Urrutia's request that "justice be served" is too nebulous to constitute a request for injunctive relief. In amending his complaint on remand Urrutia must specify whether he is seeking money damages or injunctive relief or both. If he is seeking injunctive relief, he should be specific about what he is seeking. If he continues to rely solely on his request for "justice," the district court may dismiss the complaint. If what Urrutia seeks is a release from custody, his complaint sounds in habeas corpus, not civil rights, see Preiser v. Rodriguez, 411 U.S. 475, 1500 (1973), and an assistant district attorney would not be a proper respondent, see Rule 2(a), Rules Governing 2254 Cases. And if he seeks damages, the district court must consider the Imbler prosecutorial immunity issue.

## VI.

Finally, Urrutia has alluded in his brief on appeal to an additional claim for false imprisonment arising from the June 1993 arrest, and he has also described in detail a new claim of excessive use of force in effecting a different arrest on July 26, 1993. Urrutia is free to add other causes of action concerning the June 1993 arrest pursuant to an amendment to the complaint (see also supra p. 10 n.7), but an amendment adding claims arising from a different arrest on a different day in 1993 will not relate back and would appear to be barred by the statute of limitations. See Fed. R. Civ. P. 15(c)(2).

The order of the district court dismissing the complaint will be vacated and the case remanded for further proceedings consistent with this opinion.