**Leroy KEAN, t/a 2045 Associates and Lois Kean, Appellee,**

v.

**Sondra FORMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 11, 2000.

Filed May 4, 2000.

Leslie Weisse, Philadelphia, for appellant.

Michael N. Onufrak, Philadelphia, for appellee.

Before FORD ELLIOTT, STEVENS and BECK, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the judgment entered in the Court of Common Pleas of Philadelphia County, which quieted title of the property located at 2045 Spruce Street in Philadelphia. On appeal, Appellant argues (1) that Appellees'[1] action to quiet title was barred by the Statute of Limitations, and (2) that the action was barred by the doctrine of *res judicata*. We affirm.

¶ 2 The relevant facts and procedural history are as follows: Appellant's husband, Burton Forman, and Appellee Leroy Kean were general partners of 2045 Associates, which owned the commercial real estate at issue. On July 16, 1989, a four hundred thousand-dollar ($400,000.00) second mortgage for 2045 Spruce Street was recorded on behalf of 2045 Associates solely by Mr. Forman. At some point thereafter, the partners engaged in a partnership dispute/litigation, and Mr. Forman filed for bankruptcy.

¶ 3 In July of 1990, Mr. Kean became aware of the mortgage, and he asked Mr. Forman to remove it. Mr. Forman refused; however, Mr. Kean did not institute legal action at this time.

¶ 4 On September 29, 1994, subsequent to Mr. Forman's death, Appellant Sondra Forman filed a Statement of Claim with regard to property owned by 8001 Associates,[2] and the action was consolidated with the litigation pending with regard to 2045 Associates. On October 12, 1994, Mrs. Forman's rights as to 8001 Associates' partnership property was adjudicated. In November of 1995, in order to resolve the litigation pertaining to property owned by 2045 Associates, Mr. Kean entered into an agreement with the bankruptcy trustee whereby he purchased all of the property interest in 2045 Associates. By Quitclaim Deed dated December 4, 1995, the bankruptcy trustee conveyed all of the Formans' rights, title, and interest in 2045 Spruce Street to Mr. Kean. Shortly thereafter, Mrs. Forman informed Mr. Kean that she had a lien against 2045 Spruce Street in the form of a mortgage. In response thereto, on February 26, 1997, Mr. Kean filed a Complaint to Quiet Title.[3]

¶ 5 On July 9, 1997, Mrs. Forman filed an answer and new matter, alleging, *inter alia*, that the action was barred by the Statute of Limitations and the doctrine of *res judicata*, and on August 25, 1997, she filed a motion for summary judgment. On September 30, 1997, the trial court denied Mrs. Forman's motion for summary judgment. Subsequently, the parties agreed to submit the matter to the trial court on the basis of stipulated facts and exhibits, and, on December 1, 1998, the trial court ordered that judgment be entered in favor of Mr. Kean, that the mortgage at issue be marked null and void, and that title to 2045 Spruce Street be quieted to Mr. Kean. On December 11, 1998, Mrs. Forman filed a motion for post-trial relief alleging, *inter alia*, that the Statute of Limitations and the doctrine of *res judicata* barred Mr. Kean's claim. The trial court denied the motion and judgment was entered. This timely appeal followed.[4]

1. We note that Leroy Kean and his wife, Lois, are both parties to this action.

2. 8001 Associates was created by Mr. Forman and Mr. Kean, through which the parties purchased a gas station.

3. Mrs. Forman filed a preliminary objection to Mr. Kean's complaint wherein she requested that Mrs. Kean be added as an indispensable party. By stipulation dated July 2, 1997, Mrs. Kean was added as a co-plaintiff.

4. We note that the trial court did not order Mrs. Forman to file a Statement of the Matters Complained of on Appeal pursuant to Pa.R.A.P.1925(b) and that no such Statement

¶ 6 Mrs. Forman's first contention is that Mr. Kean's action to quiet title was barred by the Statute of Limitations. Specifically, Mrs. Forman contends that the action to quiet title was based on allegations of fraud, and, therefore, the four or six-year statute of limitations found in the Uniform Fraudulent Transfer Act was applicable. Since more than six years elapsed from the time Mr. Kean learned of the mortgage at issue and when he filed his Complaint to Quiet Title, Mrs. Forman argues that the action is barred.[5] Mr. Kean, on the other hand, argues that his action to quiet title was subject to no statute of limitations since his interest in the property was clouded every day by the subject mortgage. In this case of first impression, we agree with Mr. Kean's contention.

¶ 7 Initially, we note that, pursuant to Pennsylvania Rule of Civil Procedure 1061(b)(3), an action to quiet title may be brought "to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land." In the case *sub judice*, Mr. Kean, the property owner, brought an action to quiet title because Mrs. Forman, a non-property owner, had a mortgage on the property; Mrs. Forman contends that the action is barred by the statute of limitations.

■ ¶ 8 The case at issue involves a cloud on Mr. Kean's property; it does not involve a possessory interest. As such, we agree with the trial court that the "action cannot be subject to a statute of limitations, since the possessor's interest in the property is clouded by the questioned mortgage each day that it remains." Trial Court Opinion filed 8/6/99 at 3 (citing 54 C.J.S., *Limitations of Actions*, § 42 (stating that "an action which in essence is an action to remove clouds from title is not

subject to the period of limitations prescribed for a possessory action")).

¶ 9 Contrary to Mrs. Forman's contention, we specifically conclude that the statute of limitations found in 12 Pa.C.S.A. § 5109 of the Uniform Fraudulent Transfer Act is not applicable in this case. Section 5109 provides the following:

A cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought:

(1) under section 5104(a)(1) (relating to transfers fraudulent as to present and future creditors), within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant; or

(2) under Section 5104(a)(2) or 5105 (relating to transfers fraudulent as to present creditors), within four years after the transfer was made or the obligation was incurred.

¶ 10 Section 5104, to which Section 5109 primarily refers, provides, in pertinent part, the following:

(a) **General rule.**—A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) with actual intent to hinder, delay or defraud any creditor of the debtor; or

(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor

---

was filed. However, the trial court filed an opinion.

5. Mr. Kean became aware of the mortgage at issue in July of 1990, and he filed his Complaint to Quiet Title on February 26, 1997.

were unreasonably small in relation to the business or transaction; or

(ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

¶ 11 Clearly, the statute of limitations enunciated in Section 5109 apply to those in a creditor/debtor relationship. Here, such a relationship did not exist between the Formans and Mr. Kean with regard to the subject mortgage. As such, the trial court did not err in declining to impose the mandates of Section 5109.

¶ 12 Mrs. Forman's final contention is that Mr. Kean's claim is barred by the doctrine of *res judicata.*

Under the doctrine of *res judicata,* a final judgment on the merits is conclusive of the rights of the parties and can constitute a bar to a subsequent action involving the same claim, demand or cause of action and issues determined therein. In order for *res judicata* to bar relitigation of an action, there must be a concurrence of four conditions:

1. Identity of the things sued upon.
2. Identity of the cause of action.
3. Identity of the parties to the action.
4. Identity of the quality or capacity of the parties.

Once the concurrence of the identities is found to exit, it must be determined whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights.

*Roberts v. Estate of Pursley,* 700 A.2d 475, 480 (Pa.Super.1997) (citations omitted).

¶ 13 Here, while there was previous litigation regarding the property owned by 2045 Associates, Mrs. Forman admits that the validity/propriety of the mortgage was not an issue in that litigation, and an action to quiet title with regard to the mortgage at issue was never previously filed. The crux of Mrs. Forman's appellate argument is that, even though the validity of the mortgage has never been determined, we should find the action barred under *res judicata* because it could have been raised in the previous litigation. We decline to find *res judicata* in the present case.

¶ 14 The record reveals that the prior litigation involving 2045 Associates involved the dissolution of the partnership and the disposition of property. The validity of the mortgage is a separate issue, which was never previously raised. This Court has observed that the same set of facts may support two entirely separate causes of action and that *res judicata* will not bar a subsequent action where an earlier action was based upon the common facts. *See Hopewell Estates, Inc. v. Kent,* 435 Pa.Super. 471, 646 A.2d 1192 (1994). Here, contrary to Mrs. Forman's argument, the fact that Mr. Forman and Mr. Kean were involved in litigation regarding 2045 Associates does not bar litigation of the mortgage issue, as it is a separate cause of action. Also, we disagree that the same facts supported the dissolution of the partnership, the disposition of property, and the validity of the mortgage. While there may have been some common "background facts," the validity of the mortgage clearly involved facts unique to that cause of action.

¶ 15 For all of the foregoing reasons, we affirm.

¶ 16 Affirmed.