**Talmadege LOGAN, Appellant,**

v.

**Police Detective Dennis MOYER.**

**No. 89–1599.**

United States Court of Appeals, Third Circuit.

Submitted Feb. 12, 1990.

Decided March 9, 1990.

---

Talmadege Logan, Frackville, Pa., pro se.

Before HIGGINBOTHAM, Chief Judge, and MANSMANN and SCIRICA, Circuit Judges.

OPINION OF THE COURT

MANSMANN, Circuit Judge.

In this appeal from the dismissal of a complaint brought pursuant to 42 U.S.C. § 1983, the pro se plaintiff seeks review of

---

the district court's order which found his complaint to be legally frivolous in accordance with 28 U.S.C. § 1915(d). *See Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir.1989) ("district court has discretion to dismiss frivolous or malicious *in forma pauperis* complaints"). As did the district court, we granted in forma pauperis status and notified the parties that we were contemplating summary remand pursuant to Internal Operating Procedure 17 and invited their responses. None have been received and the matter is ripe for disposition. We conclude that the record is inadequate for us to determine the legal issue on appeal and, therefore, we will remand this matter to the district court for preparation of the record.

## I.

The plaintiff, Talmadege Logan, brought this suit against Police Detective Dennis Moyer, alleging false and illegal arrest. After granting in forma pauperis status pursuant to § 1915(a), the district court dismissed the suit apparently on the basis of issue preclusion, stating that he had "determined that the complaint contain[ed] the identical allegations to Civil Action Nos. 88–5301 and 89–0372, which were found to be frivolous." The district court did not enumerate the parties named in the prior complaints nor the claims raised in those actions. As well, he did not append to the dismissal order the complaints or the final orders in the other two actions.

In the face of a conclusion of law unsupported by facts of record before us, we are unable to exercise our appellate function to determine whether the district court committed an error of law in concluding that the issues in the present appeal had already been raised in suits previously filed and dismissed. Even though Logan states that his present claim arises from the same set of facts as in the other complaints, we are unable to determine if the claim should have been raised in a previous suit or if it was fully litigated before and, therefore, barred from being relitigated. *See Migra v. Warren City School Dist. Bd of Ed.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984) and *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (*res judicata* applies to § 1983 cases). Because such information is necessary in order for us to review the § 1915(d) dismissal, it is necessary for us to remand this appeal to the district court for completion of the record. The district court may wish simply to attach the appropriate complaints and dismissal orders from the previous cases or may take this opportunity to set forth the issues and relevant facts upon which the determination of preclusion is based.

## II.

We will remand this matter to the district court for completion of the record as appropriate.