

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2009

# George Koynok v. Thomas Lloyd

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4302

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"George Koynok v. Thomas Lloyd" (2009). *2009 Decisions*. Paper 1303.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1303

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4302
_____

GEORGE L. KOYNOK,

Appellant

v.

THOMAS R. LLOYD, Mayor of Dormont Borough, individually and in his official
capacity; JOSEPH M. COSTANZO, former President of Dormont Borough Council,
individually and in his official capacity; KRISTEN DENNE, former Assistant Manager of
Dormont Borough, individually and in her official capacity; THOMAS H. AYOOB, III,
Solicitor of Dormont Borough, individually and in his official capacity; PATRICK
KELLY, Building Inspector/Code Enforcement Officer, individually and in his official
capacity; RUSSELL J. MCKIBBEN, former Interim Borough Manager and Police Chief
of Dormont Borough, individually and in his official capacity; DORMONT BOROUGH

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:06-cv-01200)
District Judge: Honorable Arthur J. Schwab

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2009
Before:  Sloviter, Ambro and Greenberg, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 27, 2009)
_____

OPINION
_____

1

PER CURIAM

George L. Koynok appeals pro se from a September 22, 2008 District Court order dismissing his action for lack of subject matter jurisdiction. For the reasons that follow, we will vacate the order and remand the matter for further proceedings.

## I. Background

Koynok owns property in Dormont Borough, Pittsburgh, Pennsylvania. In 2003, he applied to the Dormont Borough Zoning Hearing Board ("ZHB") for a variance so that he might use the property (a single-family home) as a boardinghouse. The variance was denied in April 2003, and Koynok pursued a statutory appeal of the ZHB's decision in the Allegheny County Court of Common Pleas. The Court of Common Pleas affirmed the decision and dismissed the appeal.

In 2005, Koynok again applied to the ZHB, this time for a "special exception" to use his property as a boardinghouse. The ZHB unanimously denied the special exception in February 2006, on the ground that the zoning ordinance did not permit a use by special exception for a boardinghouse in the district in which Koynok's property is located. Koynok again pursued a statutory appeal. The Court of Common Pleas denied the statutory appeal in January 2007. Koynok sought review in the Pennsylvania Commonwealth Court, which agreed with the ZHB's conclusion that a boardinghouse is

2

not a permitted use in Koynok's district, and affirmed the decision in September 2007.[1]

See Koynok v. Zoning Hearing Bd. of the Borough of Dormont, No. 303 C.D. 2007 (Pa. Commw. Ct. June 1, 2007).  The Pennsylvania Supreme Court denied Koynok's request to appeal on June 28, 2008.  See Docket No. 35, Ex. B.

In September 2006, Koynok, proceeding pro se, initiated this civil action pursuant to 42 U.S.C. §§ 1983 and 1985(3) against Dormont Borough and various Dormont Borough employees in their individual and official capacities.  He sought injunctive relief and monetary damages for claimed violations of his Due Process, Equal Protection, and Eighth Amendment rights.  Specifically, he claimed that his constitutional rights were violated during the course of his interactions with the ZHB, which allegedly:  held hearings without proper notice; improperly issued, changed, and/or revoked zoning regulations and property use permits; unfairly cited Koynok with zoning violations; failed to adhere to applicable zoning regulations and Pennsylvania statutes; applied zoning regulations unfairly to Koynok but not other similarly situated individuals; and retaliated against him.

---

[1]On appeal to the Commonwealth Court, Koynok raised three issues: (1) that the Borough failed to follow certain procedures in adopting its ordinances, rendering them void; (2) that the 1991 occupancy permit authorizing his property to be used as a single-family dwelling was fraudulently and mistakenly issued; and (3) that the Borough's witnesses committed fraud on the court by testifying that they had no knowledge of the use of his property as anything but a single-family dwelling.  The Commonwealth Court considered and rejected Koynok's arguments.

3

Defendants moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. Rather than consider the motion, in November 2006, the District Court issued an order to show cause why the case should not be stayed pending a decision by the Court of Common Pleas in the underlying land use action – i.e., Koynok's second state court action, in which he was appealing the ZHB's denial of his "special exception" request. After briefing pursuant to the show cause order, the District Court stayed the action based on the abstention principles set forth in Younger v. Harris, 401 U.S. 37 (1971). It denied Defendants' motion to dismiss without prejudice to re-filing the motion after resolution of the pending state court proceedings.

In August 2008, after the Pennsylvania Supreme Court denied Koynok allowance to appeal the Commonwealth Court's decision concerning the "special exception" request, Defendants moved to re-open the District Court action for the purpose of re-filing their motion to dismiss. The District Court granted reopening. After briefing on the motion to dismiss, the District Court entered an order applying the Rooker-Feldman doctrine and dismissing the case for want of subject matter jurisdiction.[2] It concluded that Koynok's federal action is "nothing more than a collateral attack on state court judgments" and that Koynok should not be permitted to re-plead his complaint because

_____

[2]The doctrine takes its name from two United States Supreme Court cases: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

4

"plaintiff's affirmative averments demonstrate that . . . his cause of action is nothing more than a 'spin-off' of a state court action . . . ." It denied Defendants' motion to dismiss as moot. Koynok pursued a timely appeal.

## II. Analysis

The District Court's application of the Rooker-Feldman doctrine is a question of federal subject matter jurisdiction over which we exercise plenary review. See Whiteford v. Reed, 155 F.3d 671, 672 (3d Cir. 1998).

The Rooker-Feldman doctrine divests federal courts of subject matter jurisdiction where a federal action "would be the equivalent of an appellate review" of a state court judgment. FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996). The doctrine occupies "narrow ground." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). It applies only in circumstances where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Id. at 291.

Rooker-Feldman applies to a claim that was "actually litigated" in state court, or when a claim is "inextricably intertwined with [the] state adjudication." Desi's Pizza v. Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003).[3] It does not apply if a plaintiff presents

---

[3] An issue adjudicated by the state court is "inextricably intertwined" with a plaintiff's federal claims if, in order to grant relief: (1) the federal court must determine that the state court's judgment was erroneously entered; or (2) the federal court must take action that

an independent claim in the federal action – even if that claim denies a legal conclusion that the state court reached. Exxon Mobil, 544 U.S. at 293; see also Marran v. Marran, 376 F.3d 143, 154 (3d Cir. 2004) (a constitutional claim may be independent, even if it has an effect on the state determination).

Koynok argues that he did not (and could not) raise his constitutional claims in the state court actions, which "were limited to on-the-record review of whether local zoning hearing boards abused [their] discretion or committed error of law." He argues that his federal action does not seek review of the state court decisions, but instead presents independent claims. In response, Appellees argue that "Koynok's claims are exactly the same issues raised in the previous state court lawsuits" and that his constitutional claims are barred by Rooker-Feldman as "'inextricably intertwined' with the claims adjudicated in the state court."

We first address Koynok's more recent state court proceeding, in which he pursued a statutory appeal of the ZHB's decision to deny him a "special exception." See Koynok v. Zoning Hearing Bd. of the Borough of Dormont, No. 303 C.D. 2007 (Pa. Commw. Ct. June 1, 2007). When Koynok filed his District Court action, the "special exception" proceedings were pending in the Court of Common Pleas and no decision had yet been entered by any state court in that case. The Supreme Court has held that where there are parallel pending state and federal proceedings, the Rooker-Feldman doctrine does not

would render the state court judgment ineffectual. Desi's Pizza, 321 F.3d at 421.

6

divest the federal court of jurisdiction. Instead, if the state court reaches a judgment first, preclusion principles apply to the federal action. Exxon Mobil, 544 U.S. at 292-93. Preclusion principles, unlike the Rooker-Feldman doctrine, do not strip the federal court of subject matter jurisdiction. Id. at 293. Thus, while the recent state court proceedings may preclude some (or all) of Koynok's federal claims, they do not provide a basis for the District Court's application of the Rooker-Feldman doctrine and its consequent determination that it lacked subject matter jurisdiction over Koynok's federal action.

We next consider Koynok's earlier state court proceedings, in which he pursued a statutory appeal of the ZHB's denial of his variance request. Those proceedings concluded before Koynok filed his District Court action, and could provide a basis for the District Court's application of the Rooker-Feldman doctrine. However, on the sparse record before us, we cannot adequately assess the issue.

Neither the parties nor the District Court provided information or court records demonstrating what the court decided in Koynok's first state court proceeding. To properly apply Rooker-Feldman, the first necessary step is to determine exactly what the state court decided.[4] See Marran, 376 F.3d at 150; Desi's Pizza, 321 F.3d at 421; Gulla v. N. Strabane Township, 146 F.3d 168, 171 (3d Cir. 1998). Without information about what the state court decided, we cannot determine whether the District Court was correct

---

[4]If, for example, the state court did not reach the merits of the plaintiff's claims, then Rooker-Feldman does not apply. See FOCUS, 75 F.3d at 841; Whiteford, 155 F.3d at 674.

7

in dismissing Koynok's constitutional claims as "actually decided" or "inextricably intertwined" with the issues in the state court action. See, e.g., Logan v. Moyer, 898 F.2d 356, 357 (3d Cir. 1990) (discussing the need for a complete record for appellate review of decisions based on preclusion).

For example, in the District Court Koynok purported to raise a substantive Due Process claim, essentially arguing that the ZHB abused its power. We have held that, under certain sufficiently extreme circumstances, federal courts may consider Due Process claims in the land use context without danger of becoming a "zoning board of appeals." See United Artists Theatre Circuit, Inc. v. Township of Warrington, 316 F.3d 392, 402 (3d Cir. 2003) (applying the "shocks-the-conscience" test to determine whether a land use plaintiff has stated a constitutional claim); see also Desi's Pizza, 321 F.3d at 427 ("[T]he presence or absence of property rights under state law is not dispositive of the question whether a person has a property interest protected by substantive due process."); Parkview Assocs. Partnership v. City of Lebanon, 225 F3d 321, 326 (3d Cir. 2000) (Rooker-Feldman did not bar federal discrimination claim against zoning board, despite state court decision upholding zoning board decision as supported by substantial evidence). Thus, it is possible that Koynok may have a constitutional claim that is sufficiently independent of the state court proceedings to escape application of the

Rooker-Feldman doctrine.  Without more information, however, we cannot say for sure.[5]

## III.  Conclusion

The record before us is insufficient to assess whether the District Court properly dismissed Koynok's complaint for lack of subject matter jurisdiction under the Rooker-Feldman doctrine.  Indeed, while the most recent state court proceedings concerning Koynok's request for a "special exception" may likely have a preclusive effect, they cannot provide a basis for the District Court's application of the Rooker-Feldman doctrine.  We therefore must vacate the District Court's judgment and remand the matter for further proceedings.  We express no opinion as to whether the District Court has jurisdiction in this case, or whether dismissal for any reason may or may not ultimately be warranted.

---

[5]However, we can say with some certainty that certain aspects of Koynok's federal action appear to be barred, under either the Rooker-Feldman doctrine or preclusion principles.  Among other things, Koynok's District Court complaint "seeks a declaration that he is lawfully permitted to use his dwelling as a boarding-roominghouse" as well as "permission to rent available sleeping rooms to the public as has been done for over 100 years . . . and awarding him such use now and in the future."  Docket No. 1, Complaint at 13, 17.  It appears that such relief could not be granted without interfering with the decisions in one or both of the state court actions, which also addressed Koynok's request to use his property as a boardinghouse.