**ALD-158**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-1016

———————

LAURENCE FISHER,
                                        Appellant

v.

COLONEL JEFFREY MILLER; Lt. Colonel JOHN R. BROWN; Lieutenant
NICHOLAS G. SAITES; Captain LISA S. CHRISTIE; Captain RODNEY J
PATTERSON; Lieutenant JAMES J CAREY

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-cv-02114)
District Judge:  Honorable A. Richard Caputo

———————

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 25, 2010

Before: SLOVITER, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 13, 2010)

———————

OPINION

———————

PER CURIAM

        In November 2008, Laurence Fisher filed a pro se complaint pursuant to 42 U.S.C.

§ 1983 and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et

seq. He alleged that he was discriminated against on the basis of his gender when he was terminated from his job as a Pennsylvania State Police Corporal. He also raised claims related to a subsequent labor arbitration proceeding, asserting that his counsel provided ineffective assistance under the Sixth Amendment, that his Fourteenth Amendment due process rights were violated, and that the arbitrator discriminated against him because of his sex.[1] Fisher also submitted a motion to proceed in forma pauperis ("IFP").

Without considering Fisher's financial status, the District Court denied the IFP motion on the basis that he did not state a claim upon which relief may be granted. Specifically, the District Court determined that Fisher's claims were barred under the Rooker-Feldman doctrine, that the Sixth Amendment does not apply to civil actions, that the arbitration procedures available to Fisher satisfied due process, and that Title VII did not apply to the arbitration proceedings because they did not constitute an act of an employer. The District Court concluded, "[b]ecause Plaintiff alleges only claims that this Court does not have jurisdiction to entertain or that fail to state a claim on which relief may be granted, the Court denies his application to proceed IFP and dismisses his complaint." Fisher appealed.

We review the denial of a motion to proceed in forma pauperis for abuse of discretion. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 337 (1948); Bullock v. Suomela, 710 F.2d 102, 103 (3d Cir. 1983). In this Circuit, leave to proceed

---

[1] Following the arbitration proceedings, Fisher alleged that he unsuccessfully pursued relief in the Pennsylvania courts.

2

IFP is based solely on a showing of indigence. See Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995). If the District Court grants the IFP motion, it files the complaint, see Oatess v. Sobolevitch, 914 F.2d 428, 429 n.1 (3d Cir. 1990), and screens it before service pursuant to 28 U.S.C. § 1915(e)(2)(B). The District Court may dismiss the complaint if, inter alia, it fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

In this case, the District Court abused its discretion by reviewing Fisher's claims without considering whether his financial status qualified him for IFP status. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). Notably, the facts in this case support the grant of such status.[2] Furthermore, the District Court erred in dismissing Fisher's complaint for failure to state a claim without first permitting him to amend his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). There is no indication in the record of bad faith, undue delay, or prejudice, and, while the District Court properly dismissed Fisher's Sixth Amendment claim, see Austin v. United States, 509 U.S. 602, 608 (1993), we cannot conclude that it would have been futile for Fisher to amend his

---

[2] In his IFP application, Fisher stated that he is self-employed as an auto mechanic, earning $100 to $150 per month. From March 2008 until October 2008, Fisher received unemployment compensation in amounts varying from $750 per month to $1800 per month. From May 2008 to August 2008, Fisher worked as a temporary construction worker, earning approximately $3700. He also earned approximately $5000 teaching part-time for three months. The balance in his three bank accounts totaled approximately $350. He owned property valued at $260,000, and two cars worth approximately $1450. His monthly expenses for food, rent, utilities, etc. totaled approximately $2000. In addition, he owed around $1750 each month on credit cards, a business mortgage, and a second mortgage.

3

complaint.

To the extent the District Court concluded that it lacked jurisdiction under the Rooker-Feldman doctrine, we note that some of Fisher's claims arise from his allegedly discriminatory discharge, not from an "injury caused by the state-court judgment." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005); Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 87-88 (2d Cir. 2005) (theorizing that plaintiff who raises employment discrimination claims in federal court, after unsuccessfully pursuing identical claims in state court, does not allege injury from the state judgment; "[i]nstead, he will be alleging injury based on the employer's discrimination."). Moreover, in the absence of the state court record, we are unprepared to conclude that Fisher's claims are barred by the doctrine of res judicata. See Kremer v. Chemical Const. Corp., 456 U.S. 461, 481-82 (1982) (holding that full faith and credit principles require federal courts presented with Title VII cases to give preclusive effect to state agency decisions that have been reviewed by a state court); see also Logan v. Moyer, 898 F.2d 356, 357 (3d Cir. 1990) (holding that "[i]n the face of a conclusion of law unsupported by facts of record before us, we are unable to exercise our appellate function to determine whether the district court committed an error of law in concluding that the issues in the present appeal had already been raised in suits previously filed and dismissed.").

According to the District Court, Fisher "fail[ed] to allege that his employer, the Pennsylvania State Police, engaged in discrimination, but rather takes issue with allegedly

4

discriminatory decision making of the labor arbitrator." A close reading of Fisher's complaint reveals, however, that his discrimination claims were aimed at the Pennsylvania State Police: "This Plaintiff truly believes that his Civil Rights were violated relating to my employment as a State Trooper in that I was the target of discrimination in treatment and my employment as wrongfully terminated based upon my sex." Even if the District Court were accurate in construing Fisher's allegations as limited to discrimination in the arbitration process itself, we have held that "[a]n arbitration award may be vacated when the arbitrator is biased against a party." United Indus. Workers v. Gov't of the V.I., 987 F.2d 162, 171 (3d Cir. 1993).

For the foregoing reasons, we will affirm in part as to the dismissal of Fisher's Sixth Amendment claim but will otherwise summarily vacate the December 2, 2008 order of the District Court, and remand with instructions to grant Fisher's motion to proceed IFP. If the District Court continues to believe that the complaint fails to state a claim, it shall grant Fisher a reasonable period of time in which to amend or explain why amendment would be futile. See Grayson, 293 F.3d at 114.