**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1955
_____

GEORGE L. KOYNOK,

Appellant

v.

THOMAS R. LLOYD, Mayor of Dormont Borough;
JOSEPH M. COSTANZO, former President of Dormont Borough Council;
KRISTEN DENNE, former Assistant Manager of Dormont Borough;
THOMAS H. AYOOB, III, Solicitor of Dormont Borough;
PATRICK KELLY, Building Inspector/Code Enforcement Officer;
RUSSELL J. MCKIBBEN, former interim Borough Manager and Police Chief of
Dormont Borough, BOROUGH OF DORMONT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 06-cv-1200)
District Judge: Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2011
Before: SLOVITER, FISHER AND WEIS, Circuit Judges

(Opinion filed January 5, 2011)
_____

OPINION
_____

PER CURIAM.

1

George Koynok appeals from an order of the District Court granting summary judgment to Dormont Borough and several of its past and present employees (Appellees). We will affirm.

I.

For over fifty years Koynok has owned a multi-level residential building at 2850 Glenmore Avenue in Dormont Borough, which is part of the Pittsburgh metropolitan area. After the Dormont Borough Zoning Hearing Board (the ZHB) and the Pennsylvania courts rejected Koynok's recent attempts to have his property function in part as a for-profit boardinghouse, Koynok filed suit in federal court. The District Court concluded that Koynok's "cause of action is nothing more than a 'spin-off' of a state court action, that it suffers a fatal Rooker-Feldman defect, and that it must, therefore, be dismissed with prejudice."[1] We vacated the District Court's decision and remanded because the record was insufficiently developed for a proper Rooker-Feldman analysis. See Koynok v. Lloyd, 328 F. App'x 133, 137-38 (3d Cir. 2009).

Thereafter, Koynok moved for and was granted leave to file an amended complaint. In the amended complaint, Koynok essentially claimed that, in preventing

---

[1] The District Court was referring to the Rooker-Feldman doctrine, which "takes its name from the only two cases in which the Supreme Court has applied it to defeat federal subject-matter jurisdiction: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 164 (3d Cir. 2010).

2

him from operating 2850 Glenmore Avenue as a boardinghouse, Appellees violated Koynok's Fourteenth Amendment rights to procedural due process, substantive due process, and equal protection under the law. Appellees filed their answer to Koynok's amended complaint and then moved under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings. The District Court denied Appellees' motion "without prejudice to . . . raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery." Discovery and opposing motions for summary judgment followed. By order entered March 5, 2010, the District Court granted Appellees' motion for summary judgment and denied Koynok's motion for summary judgment. Koynok appealed.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291, and our review of the District Court's grant of summary judgment is plenary. Spence v. ESAB Group, Inc., 623 F.3d 212, 216 (3d Cir. 2010). We apply the same test as the District Court. Id. "Hence, summary judgment is appropriate when there 'is no genuine issue as to any material fact' and the moving party is 'entitled to judgment as a matter of law.'" Alabama v. North Carolina, --- U.S. ---, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(c)).

## III.

Koynok's opening brief is filled with arguments that are not germane to

3

whether the District Court erred in granting summary judgment for Appellees on Koynok's Fourteenth Amendment claims.[2] Because Koynok has been preceding pro se, we have liberally construed his arguments on appeal. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Nevertheless, we conclude that the District Court's grant of summary judgment for Appellees was correct.

First, we agree with the District Court that Appellees were entitled to summary judgment on Koynok's procedural due process claim. In particular, the District Court correctly determined that Koynok cannot show that he was deprived of due process during the 2003 ZBH proceedings because Koynok failed to take advantage of all available avenues for appellate review. See Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000) ("In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her . . . ."). We also conclude that, with respect to the subsequent "special exception" action, Koynok was afforded all process he was due; it is evident from the record that both the ZHB and the Pennsylvania courts conducting appellate review took great pains to discern and

_____

2 For example, Koynok argues that this Court must void the 2006 ZHB decision denying his request for a "special exception" to use 2850 Glenmore Avenue as a boardinghouse. We cannot and will not. The 2006 ZHB decision was upheld by the Pennsylvania Supreme Court and, as our previous opinion in this case should have made clear to Koynok, "[t]he Rooker-Feldman doctrine divests federal courts of subject matter jurisdiction where a federal action 'would be the equivalent of an appellate review' of a state court judgment." Koynok, 328 F. App'x at 136 (quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996)).

4

comprehensively evaluate Koynok's rather convoluted arguments.

Second, we agree with the District Court that Appellees were entitled to summary judgment on Koynok's substantive due process claim. "Land-use decisions are matters of local concern, and such disputes should not be transformed into substantive due process claims based only on allegations that government officials acted with 'improper' motives." United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA, 316 F.3d 392, 402 (3d Cir. 2003). Instead, a land-use decision "violates substantive due process only when it shocks the conscience." Id. at 399-400. Such a characterization is reserved for truly egregious official conduct, see id., and not for the conduct at issue in Koynok's ongoing dispute with Dormont Borough. See Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 286 (3d Cir. 2004).[3]

Finally, we agree with the District Court that Appellees were entitled to summary judgment on Koynok's equal protection claim. To withstand summary judgment, Koynok needed to identify at least one disputed material fact that would result in a genuine issue as to whether the ZHB intentionally and with no rational basis treated

---

3 The record suggests that for many years Appellees knew of, but were not overly concerned with, Koynok's non-conforming use of 2850 Glenmore Avenue as a boardinghouse. However, the non-conforming use roused Koynok's neighbors, who complained of parking and property value issues. (2003 ZHB decision, Supp. App'x at 51); (E-mail to Patrick Kelly, Supp. App'x at 187) ("The northern side of Glenmore Avenue is one of the borough's more highend [sic] streets, and those of us who live there would like to keep it that way."). There is nothing conscience-shocking about Appellees' concerted effort to simultaneously alleviate public concern and enforce local law.

5

Koynok differently from his peers when the requests for authorization to use 2850 Glenmore Avenue as a boardinghouse were rejected. See Village of Willowbrook v. Olech, 528 U.S. 562, 565 (2000) (per curiam).[4] That standard "is doubtless difficult for a plaintiff to meet in a zoning dispute," Eichenlaub, 385 F.3d at 286, and Koynok produced no evidence in the District Court showing that he could meet it.[5]

## IV.

For the reasons given in this opinion, we will affirm the judgment of the District Court.

---

[4] As Appellees correctly note, "Koynok does not plead that he is a member of a suspect class," but "the court can imply that he is asserting his equal protection claim as a 'class of one.'" (Appellees' Br. at 26.)

[5] In their motion for summary judgment, Appellees argued that "Koynok has failed to state a cause of action as to the individual Defendants" on the basis of qualified immunity. Because Koynok put forth no evidence that the individual defendants violated his constitutional rights, as explained above, the District Court correctly determined that they were entitled to qualified immunity. See Pearson v. Callahan, --- U.S. ---, 129 S. Ct. 808, 815-16 (2009).