**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2522
_____

ROBERT R. VERBANIK,

                                        Appellant

v.

SUPERINTENDANT MICHEL HARLOW;
C/O MICHEL SCHULLER;
C/O JASON ANDREWS;
C/O WALTER YOUREMA;
C/O SGT. THOMAS MILLS;
C/O SGT. ERIC YOHE;
C/O CAPTAIN CONRAD DECHANT;
C/O A. GORDON

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 09-cv-00448)
Magistrate Judge:  Honorable Lisa Pupo Lenihan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2011

Before: AMBRO, HARDIMAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed : August 10, 2011)

_____

OPINION
_____

PER CURIAM

Robert R. Verbanik, proceeding pro se, appeals from the District Court's order granting defendants' motion to dismiss. For the reasons that follow, we will vacate and remand to the District Court for further proceedings.

I.      Background

Verbanik, a prisoner previously housed at the State Correctional Institution in Mercer, Pennsylvania, filed a complaint in April 2009, alleging numerous claims under 42 U.S.C. § 1983. Verbanik also filed a motion for appointment of counsel, which the District Court denied. Defendants filed a motion to dismiss Verbanik's complaint. In response, Verbanik filed an amended complaint. He subsequently filed two motions for appointment of counsel, which the District Court denied. After the defendants moved to dismiss the amended complaint, Verbanik filed a second amended complaint, and the defendants again filed a motion to dismiss. The District Court granted that motion, determining that Verbanik had failed to exhaust available administrative remedies regarding many of his claims and that he had failed to state a claim as to the remaining claims. Verbanik has appealed and requested appointment of counsel.

II.     Discussion

We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's order granting a motion to dismiss for failure to state a claim is plenary. Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). To survive a motion to dismiss, a complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." Ashcroft

2

v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

Under the Prison Litigation Reform Act, a prisoner must exhaust all available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a); Ahmed v. Dragovich, 297 F.3d 201, 209 n.9 (3d Cir. 2002). Failure to exhaust is an affirmative defense, and we "determin[e] whether a prisoner properly exhausted a claim . . . by evaluating compliance with the prison's specific grievance procedures." Drippe v. Tobelinski, 604 F.3d 778, 781 (3d Cir. 2010). Verbanik attempted to exhaust claims that did not pertain to misconduct charges under the *Consolidated Inmate Grievance Review System*, Policy Statement DC-ADM 804 (grievance claims), and he argued that he had exhausted claims that pertained to misconduct charges through misconduct proceedings pursuant to *Inmate Disciplinary and Restricted Housing Procedures*, Policy Statement DC-ADM 801 (misconduct claims). We address these sets of claims separately.

A.    Grievance Claims

In support of their motion to dismiss the second amended complaint, defendants attached an affidavit from Dorina Varner, an administrative officer in the Department of Corrections' Grievance Review Office, which stated that Verbanik had not sought final review of any grievance. The District Court dismissed Verbanik's grievance claims because he did not seek final administrative review of those claims under the Inmate Grievance Review System.

Verbanik concedes that he did not present his grievance claims through the entirety of established prison grievance process, but he argues that administrative

3

remedies were not available because defendants retaliated against him for filing grievances, and he feared further retaliation from defendants if he proceeded with the grievance process. Although we have held that administrative remedies may be unavailable when prison officials have thwarted an inmate's attempt to exhaust by providing erroneous instructions about the grievance process, see Brown v. Croak, 312 F.3d 109, 111-12 (3d Cir. 2002), we have not addressed the specific question presented here: whether threats of retaliation can render administrative remedies unavailable. Other courts of appeals have concluded that retaliation or threats of retaliation against an inmate for pursuing a grievance may make administrative remedies unavailable to the inmate. See Turner v. Burnside, 541 F.3d 1077, 1084 (11th Cir. 2008); Kaba v. Stepp, 458 F.3d 678, 684-86 (7th Cir. 2006); Hemphill v. New York, 380 F.3d 680, 686-87 (2d Cir. 2004). The test for determining whether administrative remedies were available, set forth in Hemphill, is whether a "similarly situated individual of ordinary firmness" would have deemed the grievance procedures to be available. 380 F.3d at 688.

In his second amended complaint, Verbanik claimed that he could not exhaust administrative remedies because defendants retaliated against him after he filed grievances by harassing him, writing falsified misconduct reports, and, on at least one occasion, leaving him in the Restricted Housing Unit shower for almost two hours. The District Court noted Verbanik's argument but rejected it as "bald unsupported statements that he was unable to pursue his claims out of fear of retaliation." Opinion at 6. This cursory consideration of Verbanik's argument is troubling for two reasons. It does not appear to acknowledge that the Prison Litigation Reform Act, 42 U.S.C. § 1997e, et seq.,

4

requires that an inmate exhaust only those administrative remedies "as are available." 42. U.S.C. § 1997e(a); Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002). Moreover, the District Court rejected Verbanik's arguments as unsupported after failing to provide him a meaningful opportunity to respond to defendants' affidavit.

The District Court granted the defendants' motion to dismiss as to "Plaintiff's unexhausted claims" on the basis of an affidavit submitted in support of their motion. Opinion at 6-7. However, the Rules of Civil Procedure provide that if, on a motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and all parties "must be given reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Although the defendants asserted that the District Court properly could consider the affidavit and other attachments in connection with their motion to dismiss, they also requested that the court "accept these documents and convert their motion into a motion for summary judgment." Brief in Support of Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint at 7 & n.3. The District Court did not convert their motion to a motion for summary judgment and did not otherwise provide Verbanik an opportunity to present all material pertinent to the question of exhaustion. See Rose v. Bartle, 871 F.2d 331, 341-42 (3d Cir. 1989). Given these circumstances and what appear to be genuine issues of material fact as to the issue of retaliation, we cannot treat the District Court's order as one granting summary judgment to defendants and then affirm its conclusion that, as a matter of law, Verbanik failed to exhaust all available administrative remedies. See Munsell v. Dep't of Agric., 509 F.3d

5

572, 592-93 (D.C. Cir. 2007); Brown, 312 F.3d at 112.

> B.    Misconduct Claims

The District Court separately addressed whether Verbanik had exhausted administrative remedies through the inmate disciplinary system as to his claims that pertained to misconduct proceedings.  The District Court concluded that Verbanik failed to exhaust administrative remedies regarding claims that did not allege due process violations and that he failed to state a due process violation because, in light of Sandin v. Conner, 515 U.S. 472 (1995), he did not demonstrate "that he had a constitutionally protected liberty interest that was offended by the Defendants' actions in allegedly issuing a false report."  Opinion at 10-11. The District Court did not set forth Verbanik's claims or clarify which of those claims allege due process violations.  Under these circumstances, it is difficult for us "to exercise our appellate function to determine whether the district court committed an error of law" as to either basis for its dismissal of these claims.  See Logan v. Moyer, 898 F.2d 356, 357 (3d Cir. 1990).

We have not yet decided whether or under what circumstances a prisoner may exhaust administrative remedies in the course of misconduct proceedings under DC-ADM 801.  See Ray v. Kertes, 285 F.3d 287, 297-98 (3d Cir. 2002) (noting that the Inmate Discipline Policy is distinct from the Inmate Grievance Review System and declining to hold that a Pennsylvania inmate may satisfy the exhaustion requirement in misconduct proceedings).  We decline to do so on this record.

It appears that the District Court dismissed all "non-due-process" claims for failure to exhaust administrative remedies because such claims could not have been

6

raised in the prison disciplinary system. To the extent that Verbanik was required to exhaust through the Inmate Grievance Review System (DC-ADM 804) any claim that could not have been addressed in the Inmate Discipline System (DC-ADM 801), the District Court erred in failing to consider his argument that remedies were not available because he feared retaliation by defendants.[1]

As the District Court erred in considering matters outside the pleadings without advising the parties that the defendants' motion would be treated as a summary judgment motion and providing Verbanik an opportunity to present his own affidavit in response, and as there is a question whether administrative remedies were rendered unavailable as to all of Verbanik's claims by defendants' alleged retaliatory actions, we will vacate the District Court's order and will remand for further proceedings. We deny Verbanik's motion for appointment of counsel. In light of the complexity of the exhaustion issues, however, the District Court may wish to appoint counsel upon remand.

---

[1] In many (if not all) of his misconduct claims, Verbanik asserts that charges were filed in retaliation for his exercise of a constitutionally protected right. "[G]overnment actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000). Any such claim would not be foreclosed under Sandin. See Allah v. Seiverling, 229 F.3d 220, 223-24 (3d Cir. 2000).