J-A22025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SHELLY K. JOHNSTON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DALTON T. JOHNSTON AND ROBERTA L JOHNSTON, HIS WIFE; THOMAS M. JOHNSTON | |
| Appellee | No. 91 MDA 2016 |

Appeal from the Order Entered December 16, 2015
In the Court of Common Pleas of Lycoming County
Civil Division at No(s): CV-2014-001995-CV

BEFORE: GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:         **FILED DECEMBER 28, 2016**

Appellant Shelly K. Johnston ("Shelly") appeals from the December 16, 2015[1] order, which denied her motion for summary judgment and granted summary judgment in favor of Appellees Dalton T. Johnston ("Dalton"), Roberta L. Johnston, his wife ("Roberta"), and Thomas M. Johnston ("Thomas") (collectively "Appellees"). After careful review, we affirm.

The trial court set forth the relevant facts and procedural history of this appeal as follows:

> In 1991, Donald Holtzman and Thomas Johnston proposed to essentially swap about 6 acres of land from their respective adjoining properties in Pine Township. The swap

---

[1] The opinion is dated December 16, 2015 and stamped as filed December 17, 2015.

involved two parcels accessed by an existing private right-of-way. By letter dated January 9, 1991 (1991 letter), the Lycoming County Planning Commission notified Donald Holtzman and Thomas Johnston that the Chairperson granted final plan approval of their two add lot subdivision in accordance with Section 2.033 E., of the Lycoming County Subdivision and Land Development Ordinance. The plan proposed to subdivide lot #1, containing 6.005 acres from land owned by Thomas Johnston to be added to adjoining lands owned by Donald Holtzman and to subdivide 6.012 acres from Donald Holtzman to be added to adjoining land owned by Thomas Johnston.

That letter provided the following stipulation for approval.

*As a stipulation of subdivision approval, Donald Holtzman and Thomas Johnston, as Grantee, each are required to combine their addition lot with their existing property into one deed of record. If the parcels are described separately in the same deed, we require a note be placed in the deed that the two parcels are to be considered as one for subdivision purposes. This will preclude future conveyance of the property **without prior subdivision approval**.*[(emphasis added)]

As required, a copy of the approved plan and approval letter were timely recorded in the County Register and Recorders office. The swap of the land occurred with Thomas [] and his wife, Beverley Johnston, now deceased, receiving a deed to the 6.012 acres of land ("addition lot"). However, Thomas[] did not combine the addition lot with his existing property into one deed as required by the stipulation. By deed dated December 21, 2001, Thomas []and his wife conveyed the exi[s]ting property to their now deceased son and his wife, [Shelly,] without mention of the addition lot.  The deed lists the consideration for that conveyance as $1.00. By deed dated September 13, 2011, Thomas Johnston conveyed the addition lot to his other son, [Dalton] and his wife, [Roberta].[1]

[1] A deed dated May 17, 2013 and recorded on May 31, 2013, labeled a corrected deed, purported to convey the addition lot from [Shelly] and her husband (now deceased) to themselves. Since a

deed dated September 13, 2011 was recorded as conveying title to the addition lot prior to the corrective deed, [Shelly] does not contend that the corrective deed gives her title. Instead, by this action, [Shelly] seeks to have that deed stricken as a legal nullity and require that a quit claim deed be filed to convey title of the addition lot to her.

On July 31, 2014, [Shelly] filed a complaint to quiet title as to the addition lot, seeking to declare that [Dalton and Roberta] are barred from ascertaining any right, lien, title or interest in the Lot and requesting an Order to cancel the Deed which provides [Dalton and Roberta] with record ownership of the addition lot.[2]

The parties filed cross-motions for summary judgment. [Shelly] contends that the deed dated September 13, 2011 conveying the addition lot to Dalton and Roberta[]is a legal nullity as a matter of law because the stipulation for approval of the swap of addition lots set forth in the 1991 letter was violated and no further approval was sought or obtained prior to separating the addition lot from the property existing at the time of the swap. [Appellees] contend that as a matter of law [Shelly] has no legal title to the addition lot because the deed conveying the existing property did not include the addition lot and the addition lot was subsequently conveyed by deed to [Dalton and Roberta]. [Appellees] contend that summary judgment should be entered in their favor along with a determination that [Dalton and Roberta] have legally valid title to the addition lot.

_____

[2] Pursuant to Pa.R.C.P. 1061(b)(3), an action to quiet title may be brought "to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land[.]" *Id.* A party may bring an action to quiet title under Pa.R.A.P. 1061(b)(3) when the case at issue "involves a cloud" on the property and does not involve a possessory interest. *Kean v. Forman*, 752 A.2d 906, 908 (Pa.Super.2000).

Trial Court Opinion and Order denying Shelly's motion for summary judgment and granting summary judgment in favor of Appellees, filed December 17, 2013, at 1-3.

On December 16, 2015, the trial court granted summary judgment in favor of Appellees.[3]  On January 13, 2016, Shelly timely filed a notice of appeal.[4]

Shelly raises the following issues for our review:

> 1. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO APPELLEES WITHOUT FINDING THAT THE APPELLEES' DEED TO THE ADD-ON LOT WAS VALID AS A MATTER OF LAW. THE TRIAL COURT IMPOSED A BURDEN ON THE APPELLANT IN THIS REGARD BY REQUIRING THE APPELLANT TO "CITE A CASE OR STATUTE THAT PERMITS A COURT TO INVALIDATE A DEED BECAUSE THE DEED CONVEYS PROPERTY WITHOUT THE APPROPRIATE SUBDIVISION APPROVAL OR IN SPECIFIC VIOLATION OF A SUBDIVISION APPROVAL STIPULATION." THE TRIAL COURT IMPOSED NO SUCH BURDEN ON THE APPELLEES WHEN CONSIDERING THE APPELLEES' SUMMARY JUDGMENT MOTION ON THIS ISSUE[?]
>
> 2. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW BY DETERMINING THAT APPELLANT HAD TO PROVE FRAUD, ACCIDENT OR MISTAKE TO INVALIDATE THE APPELLEES' DEED TO THE ADD-ON LOT[?]

_____

[3] Shelly filed post-trial motions.  Post-trial motions are improper following the grant of a motion for summary judgment. **See** Pa.R.C.P. 227.1(c) *Note* ("A motion for post-trial relief may not be filed to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or other proceedings which do not constitute a trial.").

[4] Both Shelly and the trial court complied with Pa.R.A.P. 1925.

3. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW BY REFUSING TO INVALIDATE THE APPELLEES' DEED TO THE ADD-ON LOT FOR INTENTIONAL VIOLATION OF A RESTRICTIVE SUBDIVISION CONDITION PRECLUDING CONVEYANCE OF THE SAME[?]

4. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW BY VALIDATING APPELLEES' DEED TO THE ADD-ON LOT WHEN THAT DEED WAS IN DIRECT INTENTIONAL VIOLATION OF A RESTRICTIVE CONDITION OF THE SUBDIVISION APPROVAL CREATING THAT ADD-ON LOT[?]

Appellant's Brief at 4.

When reviewing an order granting or denying a summary judgment motion,

[w]e view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.  Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Kozel v. Kozel*, 97 A.3d 767, 772 (Pa.Super.2014) (quoting *Daley v. A.W. Chesterton, Inc.,* 37 A.3d 1175, 1179 (Pa.2012)).

Appellant Shelly challenges the validity of the 2011 deed that purported to convey the six-acre "add-on" lot from Thomas to his son Dalton and his wife.  In her first issue, Shelly argues the court erred by finding the deed was valid in the first place and failing to find that the "add-on" was part of the 200 acre lot ("the residue lot") that Thomas gave to her and her husband, Thomas's son (now deceased), in 2001.  She claims that Thomas

was required to combine the residue lot with the "add-on" as a stipulation of the original subdivision of the land.  She claims this restriction is a covenant that runs with the land, and that Thomas did not have any land to give Dalton because he had already given it to her.  In her final three issues, Shelly argues the court erred by refusing to invalidate the deed for the "add-on."  She claims the court held her to the wrong standard to prove the deed was invalid, and that the deed should be invalidated because Thomas intentionally violated the restrictive covenant placed on the land by failing to combine the deeds and by giving the "add-on" to Dalton.

We observe:

> conveyance of real property by way of deed is presumptively valid and will not be set aside unless it is shown by clear and convincing evidence that the transfer was improperly induced by fraud or other misconduct on the part of the transferee or that the deed was ineffective to pass title, as, for example, where the deed was not delivered.

*Wagner v. Wagner*, 353 A.2d 819, 824 (Pa.1976).

Here, in 1991, Thomas and his neighbor, Holtzman, swapped six-acre lots of land from their adjoining properties.  As a stipulation to the **subdivision**, they were both supposed to combine the six-acre lots into one deed covering the adjoining properties.  Thomas did not do this.  In 2001, Thomas gave the residue lot to his deceased son and Shelly.  In 2011, Thomas gave the "add-on" lot to his other son, Dalton, and his wife.  Even if the deed for the "add-on" that Thomas gave to Dalton was not valid, Shelly

would have no right to this land, because Thomas never combined the deeds, and Shelly never owned the "add-on."

Thomas intended to give the "add-on" to Dalton, his son, as evidenced by the deed. He was not fraudulently induced into doing so, and the presumption that the deed for the "add-on" is valid remains intact. Shelly's complaint that the court is putting the burden on her instead of on Appellees is without merit. The trial court simply followed the law. It did not commit an error of law or abuse its discretion in ruling on the cross motions for summary judgment. Thus, Shelly's issues merit no relief, and we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/28/2016